■ In the Matter of FORTUNOFF FINE JEWELRY & SILVERWARE, INC., Petitioner, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Respondents. [642 NYS2d 710] —Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated November 22, 1994, which, after a hearing, found that the petitioner had discriminated against the complainant because she was perceived to be disabled, and awarded the complainant, *inter alia,* $10,000 in compensatory damages.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

The complainant filed a complaint against the petitioner Fortunoff Fine Jewelry & Silverware, Inc. (hereinafter Fortunoff), with the New York State Division of Human Rights (hereinafter the SDHR) contending that she had been unlawfully discriminated against by Fortunoff because of her disability, i.e., she smoked cigarettes outside of the workplace. Thereafter, a hearing was held to determine whether Fortunoff did in fact discriminate against the complainant in violation of Executive Law § 296 (1) (a). The Administrative Law Judge who heard the case, and whose findings were largely adopted by the Commissioner of the SDHR, determined that Fortunoff's refusal to accept an application for employment from the complainant based upon her smoking outside the workplace constituted an unlawful discriminatory practice. We disagree and therefore grant the petition and annul the determination.

Under Executive Law § 296 (1) (a), it is an unlawful discriminatory practice for an employer to refuse to hire or to discriminate against an individual because of a disability as defined by Executive Law § 292 (21) (*see, State Div. of Human Rights v Xerox Corp.,* 65 NY2d 213). The complainant has not established that at the time she sought an application to work at Fortunoff she was disabled, or was wrongly perceived as disabled, within the meaning of Executive Law § 292 (21), based upon her smoking outside the workplace. The defendant's status as a smoker outside of the workplace, without more, does not constitute a disability within the aforesaid section (*cf.,* Labor Law § 201-d; L 1992, ch 776). Thus, there was no violation of Executive Law § 296 (1) (a), the petition must be granted, and the determination is annulled.

In light of our determination, the remaining contentions of the respondents are academic. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.